1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  ANTHONY AHRENS,                              CASE NO. CV 14-1901

11                    Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                                  MOTION FOR AN ORDER
12            v.                                  COMPELLING PAYMENT OF
                                                  UNEARNED WAGES
13  CHRISTIAN W. BUSCHMANN, *in
    personam*, and F/V ST. TERESA, O.N.
14  623983, HER ENGINES,
    APPURTENANCES, ETC., *in rem*,
15
                      Defendants.
16

17

18         THIS MATTER comes before the Court on Plaintiff's Motion for an Order Compelling

19  Payment of Unearned Wages. (Dkt. No. 8.) Having reviewed the Motion, Defendant Christian

20  Buschmann's Response (Dkt. No. 13), Plaintiff's Reply (Dkt. No. 18), and all related papers, the

    Court hereby DENIES the motion.
21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
AN ORDER COMPELLING PAYMENT OF
UNEARNED WAGES- 1

**<u>Background</u>**

Plaintiff was employed as a seaman aboard the F/V ST. TERESA ("vessel") during the 2014 Southeast Alaska salmon season. (Ahrens Decl., Dkt. No. 9 at 1.)  Defendant was the shipowner of the F/V ST. TERESA and Plaintiff's employer. (<u>Id.</u>)

Plaintiff claims he was injured on July 13, 2014, while retrieving the vessel's net. (<u>Id.</u> at 2.)  In a declaration submitted with his Motion, Plaintiff states that he told Defendant about the incident the next day, and Defendant responded: "If you're injured, then leave." (<u>Id.</u>) Plaintiff left the vessel that same day. (<u>Id.</u>)  Defendant, however, disputes that Plaintiff was injured or that he made such a statement. (Buschmann Decl., Dkt. No. 14 at 3.) Rather, Defendant suggests that Plaintiff quit because Defendant had refused to give Plaintiff a pay raise and an advance in wages. (<u>Id.</u> at 3–4.)

Plaintiff states he worked for Defendant without a written contract—a fact Defendant does not directly dispute. (Ahrens Decl., Dkt. No. 9 at 2.) According to Plaintiff, it was his understanding that he would be paid a 9% crew share. (<u>Id.</u> at 3.) Defendant, however, planned that Plaintiff would receive 7% of the net proceeds. (Buschmann Decl., Dkt. No. 14 at 2.)

Defendant began making regular maintenance and cure payments on November 25, 2014, but prior to this lawsuit did not make any payments for unearned wages. (Ahrens Decl., Dkt. No. 9 at 3.) Plaintiff has repeatedly demanded that Defendant provide documentation of the vessel's basic expense records that were used to calculate unearned wages. (Kehoe Decl., Dkt. No. 10 at 2–3; <u>see also id.</u> at Ex. 7.) Only after the lawsuit was filed and Defendant obtained documentation for "most" of his vessel expenses did Defendant pay Plaintiff $28,993.43 (based on a 7% crew share) in unearned wages for the 2014 salmon season. (DeFehr Decl., Dkt. No. 16 at 2; Def.'s Resp., Dkt. No. 13 at 3.)

**Analysis**

Every seaman who becomes ill or injured during his employment is entitled to maintenance, cure, and unearned wages. Lipscomb v. Foss Maritime Co., 83 F.3d 1106, 1109 (9th Cir. 1996). To recover maintenance, cure, or unearned wages, a seaman must show: (1) he was employed as a seaman; (2) his injuries or illnesses occurred, manifested or were aggravated while in the ship's service; (3) the wages to which he was entitled; and (4) his expenditures for medicines, medical treatments, board, and lodging. Dean v. Fishing Co. of Alaska, Inc., 177 Wn.2d 399, 409 (2013) (citations omitted). However, this burden is "relatively light." Id. (quoting West v. Midland Enter., Inc., 227 F.3d 613, 616 (6th Cir. 2000)).

Where a seaman is the moving party on a motion to compel maintenance, cure, and/or unearned wages, district courts within the Ninth Circuit have either applied the traditional summary judgment standard or a similar standard that views the evidence in the light most favorable to the seaman. See Connors v. Iqueque U.S.L.L.C., No. C05-334-JLR, 2005 WL 2206922, at *2 (W.D. Wash. Aug. 25, 2005) (compiling cases). The Ninth Circuit is undecided on which standard should be applied. Id. Defendant argues this Court should treat a motion to compel maintenance and cure as a traditional motion for summary judgment. (Def.'s Resp., Dkt. No. 13 at 7–10.) Plaintiff argues the Court should apply the less stringent summary judgment standard. (Pltf's Reply, Dkt. No. 18 at 4.)

The Court need not decide this issue because disputed issues of material fact would exist under either standard. In his declaration, Defendant states that he "had planned that Ahrens would receive 7% of the net proceeds from the 2014 salmon season." (Buschmann Decl., Dkt. No. 14 at 2.) Plaintiff states that "his understanding in talking with Mr. Buschmann before the salmon season was that [he] would be paid a 9% crew share." (Ahrens Decl., Dkt. No. 9 at 3.)

1  No written agreement was made. Defendant also disputes whether Plaintiff's alleged injury

2  occurred and whether Plaintiff left the ship as a result of the alleged injury. Regardless of

3  whether the traditional or deferential summary judgment standard is applied, there are factual

4  disputes as to whether the alleged injury occurred and whether there was an agreed wage that

5  Plaintiff would receive. The Court therefore denies the motion.

6

7                                           **Conclusion**

8          Because there are disputed issues of material fact under either summary judgment

9  standard, Plaintiff's motion to compel payment of unearned wages is DENIED.

10

11         The clerk is ordered to provide copies of this order to all counsel.

12         Dated this 22nd day of April, 2015.

13

14

15
                                     Marsha J. Pechman
16                                   Chief United States District Judge

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
AN ORDER COMPELLING PAYMENT OF
UNEARNED WAGES- 4